1
2
3            UNITED STATES DISTRICT COURT
4              DISTRICT OF NEVADA
5                    * * *
6    MICHAEL ESTES,                        Case No. 3:21-cv-00338-MMD-WGC
7                        Petitioner,              ORDER
8        v.
     WARDEN WILLIAM GITTERE, *et al.*,
9
                        Respondents.
10

11          Petitioner Michael Estes, a *pro se* Nevada inmate, commenced this habeas action

12   by filing a petition for writ of habeas corpus. (ECF No. 1-1 ("Petition").) This habeas matter

13   is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as

14   well as consideration of Estes's motion for appointment of counsel (ECF No. 1-2

15   ("Motion")). For the reasons discussed below, the Court directs service of the Petition,

16   instructs Respondents to respond, and denies Estes's Motion.

17          Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition

18   and order a response unless it "plainly appears" that the petitioner is not entitled to relief.

19   *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to

20   screen and dismiss petitions patently frivolous, vague, conclusory, palpably incredible,

21   false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th

22   Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

23          Estes challenges a conviction and sentence imposed by the Eighth Judicial District

24   Court for Clark County ("state court"). *See Nevada v. Michael Estes*, Case No. C-16-

25   320096-1.[2] On October 19, 2018, the state court entered a judgment of conviction for

26          [1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the
     Rules Governing Section 2254 Cases in the United States District Courts.

27
28          [2]The Court takes judicial notice of online docket records of Eighth Judicial District
     Court and Nevada appellate courts. The docket records may be accessed by the public

attempt murder, battery resulting in substantial bodily harm constituting domestic violence, and mayhem. Estes filed a motion to withdraw his guilty plea and the state court denied the motion. The court then sentenced Estes to a minimum aggregate sentence of 18 years and a maximum aggregate sentence of 45 years.

In September 2019, Estes filed a state petition for writ of habeas corpus. The state court denied post-conviction relief and Estes filed a post-conviction appeal. The Nevada Supreme Court later affirmed the denial of relief in July 2021, and a remittitur issued the following month. On August 4, 2021, Estes initiated this federal habeas corpus proceeding *pro se.* (ECF No. 1.) This Court instructed Estes to resolve the filing fee, and Estes timely complied.  (ECF Nos. 4, 5.) Having conducted an initial review, the Court will direct service of the Petition and a response.

The Court now turns to Estes's Motion. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). An indigent petitioner may request appointed counsel to pursue relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel "when the interests of justice so require"). *Id.* § 3006A(a)(2). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Estes's Petition appears sufficiently clear in presenting the issues Estes wishes to raise, and the legal issues are not particularly complex. Estes thus has demonstrated sufficient ability to write and articulate his claims, submitted numerous filings, and followed the Court's instructions to resolve the filing fee. The Court acknowledges that it can be

online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo. nvsupremecourt.us/public/caseSearch.do.

difficult for *pro se* petitioners to pursue their habeas claims and almost every *pro se* party would benefit from representation by counsel.  However, Estes has made no showing as to why denial of counsel would amount to a denial of due process.  As such, Estes's Motion is denied.

It is therefore ordered that Petitioner Michael Estes's motion for appointment of counsel (ECF No. 1-2) is denied without prejudice.

The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the Office of the Attorney General only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order.

The Clerk of Court is further directed to file Estes's petition for writ of habeas corpus (ECF No. 1-1).

It is further ordered that Respondents will have 60 days from the date the petition is electronically served to answer or otherwise respond to the petition for writ of habeas corpus.

It is further ordered that Estes will have 60 days following service of the answer to file and serve a reply brief. If any motion is filed, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

It is further ordered that any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural

1  defenses, including exhaustion, will be included with the merits in an answer. All
2  procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

3  It is further ordered that, in any answer filed on the merits, Respondents must
4  specifically cite to and address the applicable state court written decision and state court
5  record materials, if any, regarding each claim within the response as to that claim.

6  It is further ordered that Respondents must file the state court exhibits relevant to
7  their response to the petition, in chronological order.

8  It is further ordered that all state court records and related exhibits must be filed in
9  accordance with LR IA 10-3, LR IC 2-2, and LSR 3-3, and include a separate index
10 identifying each additional exhibit by number or letter. The index must be filed in CM/ECF's
11 document upload screen as the base document to receive the base docket number (*e.g.*,
12 ECF No. 10). Each exhibit will then be filed as "attachments" to the base document—the
13 index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit
14 B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more
15 than one filing, the base document in each successive filing must be either a copy of the
16 index or volume cover page. *See* LR IC 2-2(a)(3)(A).

17 It is further ordered that, notwithstanding LR IC 2-2(g), paper copies of any
18 electronically filed exhibits—for this case—*need not* be provided to chambers or to the
19 staff attorney, unless later directed by the Court.

20 DATED THIS 1st Day of November 2021.

21
22
    _____
23  MIRANDA M. DU
    CHIEF UNITED STATES DISTRICT JUDGE
24
25
26
27
28