UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL ESTES,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN WILLIAM GITTERE, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 3:21-cv-00338-MMD-CSD<br><br>ORDER |

**I.　　SUMMARY**

　　This habeas matter is before the Court on *pro se* Petitioner Michael Estes's failure to comply with the Court's prior order (ECF No. 21) and failure to comply with the Local Rules of Practice.

**II.　　BACKGROUND**

　　In November 2022, the Court found the petition in this action to be mixed, containing both exhausted and unexhausted claims. (ECF No. 21 at 12-14.) The Court informed Petitioner of his three options: (1) file a motion to dismiss seeking partial dismissal of only the unexhausted claims; (2) file a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims; and/or (3) file a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims. (*Id.*) The Court instructed Petitioner to file a response no later than December 1, 2022, indicating his choice between the three options. (*Id*. at 13.) The Court warned that his failure to timely and fully comply with the order would result in a dismissal of this action without prejudice and without further advance notice. (*Id*.)

　　Petitioner did not comply with the order by filing a response to the Court's order,

and the deadline has expired. To date, Petitioner has not filed a response to the order to show cause, or taken any action to prosecute this case.

In addition, the Local Rules of Practice require all parties, including habeas petitioners, to immediately file with the court written notice of any change of address. *See* LR IA 3-1, LR 2-2. The Local Rules also warn that failure to comply may result in dismissal of the action, with or without prejudice, or other sanctions as the Court deems appropriate. *See id.*; *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address.").

The Court's order was served on Petitioner and was returned as undeliverable with a notation indicating that Petitioner is no longer at Ely State Prison ("ESP"). (ECF No. 22.) Petitioner has not filed a notice of change of address.

**III.   DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey*, 856 F.2d at 1440-41 (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a

presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element," like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply," have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this court cannot operate without collecting reasonable fees, and litigation cannot progress without Petitioner's compliance with Court orders, the only alternative is to enter a second order setting another deadline. But the reality of repeating an order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. The fifth factor favors dismissal.

**IV.    CONCLUSION**

It is therefore ordered that Petitioner Michael Estes's Petition for Writ of Habeas Corpus (ECF No. 7) is dismissed without prejudice based on his failure to comply with the Court's order and the Local Rules.

It is further ordered that a certificate of appealability is denied, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

3

1 | The Clerk of the Court is instructed to enter final judgment and close this case.

DATED THIS 17th day of April 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE